Fobd, J.
An assessment of twenty-one dollars and twenty cents on an acre of land and three buildings and lots, belonging to the Camden and Amboy Rail Road and Transportation Company, was made by the assessor of Chesterfield township, in Burlington county ; and upon exceptions to it, was affirmed by the Commissioners of Appeal. The. company move the same objection to the assessment, here on Certiorari, that it is a violation of their charter.
The sixteenth section grants to the company a toll, not exceed *72 ing eight cents a ton for the transportation of property, nor ten cents for the carriage of a passenger, by the mile; and by the twenty-third section, and third in the supplement, the Company, out of this toll, is to pay thirty thousand dollars a year to the State, and the twenty-third section provides “ that no other tax or impost shall be levied or assessed upon the said company.”
One argument of the defendants is this : that the thirty thousand dollar tax'is laid on the company’s franchises, and no other tax can be laid upon it; yet this confers no exemption on their other property. But how is it shown to be a tax on the franchise only ? there is no assertion of it in the charter ; the word franchise is not found in either of the sections ; and the omission of it is the strongest evidence of the tax being laid on no specific article of any kind, but on all their property. There is no instance of laying a specific tax, without mentioning the article on which it is imposed. Judicial power would be stretched to a dangerous length, to confine a tax of thirty thousand dollars to one specific article, and that an article not named in the statute. It is plainly laid on all the corporation property • and where there is no obscurity in the meaning of a statute, obscurity is never to be created by construction.
The assumption of its being a tax on franchise only, was entirely repudiated by the court, in the case of The State v. Berry, 2 Har. Rep. 80.
The argument now offered for the shaking that decision, is that this thirty thousand dollars payable to the state,, is what is called the State tax; and though no other state tax can be imposed, yet it does not exempt the property from county and township taxes. The plain answer to this is, that an impost for county and township purposes is a state tax; it can be imposed by no other authority. The state appropriates the proceeds to what purposes it pleases: but every tax is a state tax, and if this impost be not such, it must be set aside for that reason, if there were no other.
But by what authority can the thirty thousand dollars be called a state tax, seeing the statute gives it no such epithet ? the twenty-third section lays a tax of thirty thousand dollars, and then provides that “ no other tax shall be imposed.” Now the twenty-one dollars and twenty cents not being the same tax, is *73 unnecessarily another-, and if another be lawful, then another and another will be equally so. If the barrier established by the legislature be once passed, the court can find no other; it will lay open the whole field of taxation, and we shall construe “ no other ” to mean all other, thereby changing plain words to a directly contrary meaning.
It is said if the company should hold two thirds of the township, the burthen on the remaining third would be very oppressive. But they are now assessed for only one acre and three houses, which are very trifling compared with a township, and it cannot be increased beyond what is necessary to carry into execution the object of the incorporation. At the uttermost, hardly a speck on a map of the township, and for this they are not exempt, but pay as much tax, as the legislature, on principles of equal assessment, saw just and proper to demand. In my opinion, this assessment being contrary to the statute must be reversed and set aside.

Assessment set aside.

Cited in State v. Brannin, 3 Zab. 499; State v. Bentley, 3 Zab. 537; State v. Comm’rs of Mansfield, 3 Zab. 512; State v. Hancock, 6 Vr. 544; State v. Comm’r of R. R. Taxation, 8 Vr. 248.